**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELE NOBLES; NOBLES JOSHUA HOLDINGS, LLC,<br>Plaintiffs,<br>v.<br>TIE LASATER, *et al.*,<br>Defendants. | Case No. 26-cv-2030-BAS-MMP<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS (ECF No. 23)** |

On March 31, 2026, Plaintiffs Michele Nobles and Nobles Joshua Holdings, LLC ("Plaintiffs") filed a lawsuit against Defendants Tie Lasater, KeyCity Capital, Lasater Capital, Charles Dombek, and KCAP RE Fund II, LLC (together, "Defendants") for allegedly defrauding Ms. Nobles into investing over $1 million into a construction project in Texas. (ECF No. 1.)

Presently before the Court is Plaintiffs' motion for alternative service of process on Defendant Tie Lasater. (ECF No. 23 ("Mot.").) Defendant Tie Lasater has not appeared in this action.[1] The Court finds Plaintiffs' motion suitable for determination on the papers

[1] Most of the other Defendants in this action have not appeared to defend themselves in court, and have been defaulted as a result. (ECF Nos. 18–19, 24 (showing default against Lasater Capital, KeyCity

submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons that follow, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiffs filed their Complaint against Defendants on March 31, 2026. (ECF No. 1.) A summons was issued on the same day. (ECF No. 2.) Plaintiffs represent that multiple, diligent attempts to serve Defendant Tie Lasater[2] have been unsuccessful.

Plaintiffs first attempted to serve Defendant at his place of business on April 21, 2026 at 1:30 PM. (ECF No. 23, Declaration of Dane H. Taylor ("Taylor Decl.") ¶ 6.) Plaintiffs' process server called Defendant's place of business ahead of time and the person who picked up the phone confirmed that Defendant was present. (*Id.*) On arrival, a representative informed the process server that Defendant was not, in fact, present and that he did not know when Defendant would be available. (*Id.*) The server left his card for Defendant and documented his unsuccessful effort in an email to Plaintiffs' counsel. (*Id.*) Three days later, on April 24, 2026, at 4:10 PM, the process server attempted to serve Defendant a second time at his place of business. (*Id.*) Once again, a representative informed the process server that Defendant was not present and that they were unsure when Defendant would return. (*Id.*) The following week, on April 29, 2026, at 10:00 AM, the process server returned for a third attempt at Defendant's place of business. (*Id.*) This time,

---

Capital, and Charles Dombek, respectively).) Defendant KCAP RE Fund II, LLC ("KCAP") is currently in bankruptcy proceedings in the Northern District of Texas and Plaintiffs intend to seek relief from the automatic stay against this Defendant. (ECF No. 3.) As of July 30, 2026, Plaintiffs' counsel represents that Plaintiff Nobles has filed a Proof of Claim in KCAP's bankruptcy proceedings. (ECF No. 13., Declaration of Dane H. Taylor ¶ 36.) The United States Trustee overseeing KCAP's bankruptcy has apparently filed a motion to dismiss in response to KCAP's alleged failure to comply with its bankruptcy obligations. (ECF No. 25 ¶¶ 9–10.) The bankruptcy court will hear the motion on October 13, 2026. (*Id.* ¶ 10.) Plaintiffs' counsel requests until October 30, 2026 to allow for time for this Court to hear the instant motion and for the bankruptcy court to resolve the Trustee's motion to dismiss. (*Id.* ¶ 11.) Plaintiffs' counsel is reminded that, under this Court's Standing Order for Civil Cases, there is no oral argument unless the Court separately requests it. Rather, the hearing date merely sets the briefing schedule. In any event, the Court does not find that service on Defendant Tie Lasater and resolution of KCAP's bankruptcy are related enough to tie them together and declines to speculate as to the outcome of the Trustee's motion.

[2] All further references to "Defendant" in this order shall refer to Defendant Tie Lasater, unless otherwise noted.

no one would answer the door and the process server was unable to discern whether anyone was inside. (*Id.*) The process server waited 15 minutes for someone to answer the door before leaving. (*Id.*) Defendant did not return the process server's calls regarding attempts to arrange for service. (*Id.*)

With service at Defendant's place of business unsuccessful, Plaintiffs next turned to Defendant's believed residence. (*Id.* ¶ 7.) The process server arrived at Defendant's believed residence on May 8, 2026, at 2:55 PM. (*Id.*) The residence appeared to be vacant, a belief confirmed by a call to the real estate office (Noonan & George) managing the residence. (*Id.*; Taylor Decl. Ex. 5.) None of Plaintiffs' investigative searches of Defendant and his known family members have turned up a new residential address for Defendant. (Taylor Decl. ¶ 11.)

Plaintiffs resorted to a fourth attempt to serve Defendant at his place of business. On May 20, 2026, at 2:50 PM, the process server returned to Defendant's place of business with two sets of the relevant documents in hopes of serving both Defendant and his company, Lasater Capital. (*Id.* ¶ 7.) The receptionist stated that she would bring someone to the reception area who was authorized to accept service. (Taylor Decl. Ex. 5.) The person ("John Doe") who showed up refused to accept service or provide any information as to who he was. (*Id.*) The individual ordered the process server to leave the premises. (*Id.*) Before doing so, the process server left the documents for service on the reception desk. (*Id.*) John Doe picked up the documents and threw them at the process server as he was exiting the building. (*Id.*) As Plaintiffs do not believe that John Doe was indeed Defendant Tie Lasater, they do not consider these attempts at personal service to be successful. (Taylor Decl. ¶ 8.)

Personal service appearing impracticable, Plaintiffs sought relief in court. On September 4, 2026, Plaintiffs filed a motion for alternative service of process as to Defendant Tie Lasater. (Mot. at 2.) As Defendant has not appeared in this action, the Court now considers the request made in the motion.

## II. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 4, individuals may be served in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1).

California law permits five basic methods of service, including delivery to the party's usual residence or place of business (referred to as "substituted service"). Cal. Civ. Proc. Code § 415.20(b). A plaintiff must first attempt to personally serve the defendant with "reasonable diligence." *Id.* If those efforts are unsuccessful, substituted service can be effected at a person's "usual place of business" by leaving a copy of the summons and complaint in the presence of a person "apparently in charge of their office, place of business, or usual mailing address" who is at least 18 years of age and is "informed of the contents thereof." *Id.* The party completing substituted service must then mail a copy of the summons and complaint "by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing." *Id.*

## III. ANALYSIS

The Court finds that Plaintiffs have shown the prerequisite "reasonable diligence" for substituted service given the efforts outlined above. *See Lynk Media, LLC v. Taylor*, No. 24-cv-02706-DJC-AC, 2025 WL 1263556, at *2 (E.D. Cal. May 1, 2025); *see also Produce v. Cal. Harvest Healthy Foods Ranch Mkt.*, No. 11-cv-04814-YGR, 2012 WL 259575, at *4 (N.D. Cal. Jan. 27, 2012) (noting that "two or three attempts" were needed to satisfy the "reasonable diligence" requirement). Here, Plaintiffs have easily cleared that bar. The record before the Court demonstrates that Plaintiffs' process server unsuccessfully attempted to serve Defendant at his usual place of business four times, experiencing hostility from alleged agents for service on at least one occasion. (Taylor Decl. ¶¶ 6–7.)

The Court is satisfied that Plaintiffs have been reasonably diligent in their attempts to effect service on Defendant. Finding good cause, Plaintiffs' motion to serve Defendant via substituted service is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion for alternative service (ECF No. 23). Plaintiffs are to effectuate service on Defendant Tie Lasater via substituted service within fourteen days of this order.

**IT IS SO ORDERED.**

**DATED: September 21, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**